**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-2562-WJM-KMT

DOUGLAS UHLAND, d/b/a TriCounty Farms,
TIMOTHY HUME, d/b/a North Fork Farms,
WOOD FARMS, LLC,
3WC FARMS, LLC,
ROGER SAFFER, d/b/a Saffer Farms,
PATRICK HUME, d/b/a Big Flat Farms, and
MARK MARSH,

    Plaintiffs,

v.

AGRIGENETICS, INC, d/b/a Mycogen Seeds,
DOW AGROSCIENCES, LLC, and
KAITLYN LOWE,

    Defendants.

---

**ORDER GRANTING MOTION TO REMAND
AND REMANDING ACTION TO STATE COURT**

---

In this action, Plaintiffs bring various claims against Defendants Dow ArgoSciences LLC ("DAS"), Agrigenetics, Inc. ("Mycogen") (jointly, "Dow"), and Kaitlyn Lowe ("Lowe") (collectively, "Defendants"). (ECF No. 5.) Before the Court are (1) Plaintiffs' Motion for Remand ("Motion to Remand"; ECF No. 33); (2) Dow's Motion to Dismiss or Stay Action ("Motion to Dismiss"; ECF No. 15); and (3) Plaintiffs' Unopposed Motion for Substituted Service ("Motion for Substituted Service"; ECF No. 34).

For the reasons explained below, the Court (1) grants Plaintiffs' Motion to Remand; (2) denies without prejudice Dow's Motion to Dismiss; and (3) denies Plaintiffs' Motion for Substituted Service as moot.

## I. BACKGROUND

The following factual summary is primarily drawn from Plaintiffs' Proposed Amended Complaint.[1] (ECF No. 48-1.) On a motion to remand, disputes of fact are resolved in favor of the non-removing party. *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1405 (D. Colo. 1989).

Plaintiffs are farmers in southeast Colorado. (ECF No. 48-1 ¶¶ 1, 4–9.) They commercially grow sunflowers and other crops. (*Id*. ¶¶ 27–33.) DAS "develops genetically engineered sunflower seeds and advertises those seeds for sale in Colorado." (*Id*. ¶ 12.) Mycogen "sells and offers for sale sunflower seeds developed by [DAS] via seed dealers." (*Id*. ¶ 11.) Lowe is employed by DAS to "sell[] seeds to seed dealers in southeast Colorado" and is Mycogen's regional sales manager. (ECF Nos. 48-1 ¶¶ 13–14 & 33 at 2.) As a regional sales manager, Lowe "delivers seeds and monitors growth in Colorado fields." (ECF No. 33 at 2.)

---

[1] In their Reply, Plaintiffs assert that since Defendants have not filed an answer, Federal Rule of Civil Procedure 15 (apparently in reference to Rule 15(a)(1)(B)) permits them to file an amended complaint. (ECF No. 48 at 1 & n.1.) However, Rule 15(a)(1)(B) permits a party to amend its complaint "as a matter course" within 21 days after service of a responsive pleading *or* a motion under Rule 12(b), (e), or (f), whichever is earlier. Even though Defendants have not filed an answer, they did file a Rule 12(b)(1) motion on October 12, 2018. (*See* ECF No. 15.) Therefore, Plaintiffs could not amend their pleading as a matter of course on December 7, 2018, since it was more than 21 days after service of a Rule 12(b) motion. Accordingly, Plaintiffs could "amend [their] pleading only with the opposing party's written consent or the court's leave," neither of which they sought or received. Fed. R. Civ. P. 15(a)(2). In addition, the Court acknowledges that Plaintiffs improperly filed the Proposed Amended Complaint by attaching it to their Reply brief. *See* D.C.COLO.LCivR 15.1(a) ("A party other than an unrepresented prisoner who files an amended pleading under Fed. R. Civ. P. 15(a)(1) . . . shall file a separate notice of filing the amended pleading."). While the Court does not adopt the Proposed Amended Complaint, the Court views it as a proffer of what Plaintiffs intend to file in state court (and what they would seek leave to file with this Court if their Motion to Remand was not granted). Accordingly, the Court will consider the Proposed Amended Complaint in determining whether Lowe was fraudulent joined.

In 2017, Plaintiffs sought to acquire 8H449CLDM variety sunflower seeds ("449 seeds") from seed dealers, but were informed by Lowe and the seed dealers that the 499 seeds were not available for purchase. (ECF No. 48-1 ¶ 18.) Plaintiffs claim that Dow "[was] not selling 449 seeds at that time because they knew of [a] pollination defect and chose to withhold the seeds from the market to avoid foreseeable crop failures that they had previously documented elsewhere." (*Id*.)

Several weeks later, however, Defendants "sold the 449 seeds to seed dealers and distributors throughout southeast Colorado, based on the unfounded belief that the pollination defect would not manifest in the 2017 planting season." (*Id*. ¶ 19.) "Lowe contacted several of the Plaintiffs to tell them the seeds were available." (*Id*.) Plaintiffs claim they were never warned about the pollination defect. (*Id*. ¶ 2.)

After purchasing 569 bags of the 449 seeds from seed dealers, Plaintiffs planted the seeds in their farms in southeast Colorado. (*Id*. ¶¶ 22, 27–33.) Upon harvest, Plaintiffs discovered that the "449 seeds' crop produced 55% less than the average sunflower center fill seed yield, and . . . approximately 20% less oleic oil per seed ton than on average." (ECF No. 1 ¶ 11; *see* ECF No. 48-1 ¶¶ 22–23.) Plaintiffs allege that these below-average yields were the result of the pollination defect in the 449 seeds and that "alternate variety sunflowers planted in the same season produced markedly greater volumes." (ECF No. 48-1 ¶¶ 1, 24.) As a result of the "devastating crop failure," "Plaintiffs lost substantial revenue and profit." (*Id*. ¶ 34.)

## II. PROCEDURAL HISTORY

Plaintiffs initially filed this action in the Prowers County District Court in Lamar, Colorado, alleging negligence, negligent misrepresentation, and intentional interference

3

with prospective business advantage against all Defendants, as well as breach of implied warranties of merchantability and fitness for a particular purpose, fraudulent concealment, and deceptive trade practices in violation of the Colorado Consumer Protection Act against Dow.  (ECF No. 5.)

On October 5, 2018, Dow removed the action to this Court on the basis of diversity jurisdiction.  (ECF No. 1.)  Defendant Mycogen is a resident of Delaware and Indiana, and Defendant DAS is a resident of Delaware, Indiana, and Michigan.  (ECF Nos. 1 ¶¶ 5–6 & 24 ¶ 5.)  While Plaintiffs and Defendant Lowe are citizens of Colorado (ECF Nos. 5 ¶¶ 4–9, 13 & 24 ¶¶ 3–4), Dow alleges that Plaintiffs had fraudulently joined Lowe solely to defeat diversity and that this Court therefore had jurisdiction to hear the dispute.  (ECF No. 1 ¶ 8.)  In its Notice of Removal, Dow asserts that Plaintiffs failed to establish a viable cause of action against Lowe under Colorado law.  (*Id*. ¶¶ 20–32.)

On November 2, 2018, Plaintiffs moved to remand this action to the Prowers County District Court, arguing that Lowe was properly joined.  (ECF No. 33.)  In its Response, Dow argues that Plaintiffs' Motion to Remand should be denied since Plaintiffs "failed to plead facts showing a plausible claim for relief against Lowe."  (ECF No. 37 at 5–15.)

Plaintiffs filed a Reply on December 7, 2018, arguing that Dow cannot raise new grounds for removal in its Response.  (ECF No. 48 at 1–2.)  Moreover, Plaintiffs assert that Dow's reliance on the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is misplaced since the standard for fraudulent joinder is more demanding.  (*Id*. at 2–3.)  Plaintiffs argue that even if a claim cannot withstand a Rule 12(b)(6) motion, the fraudulent joinder inquiry does not end there; a court is empowered

to look beyond the complaint's face to determine if there is any possibility of a claim. (*Id.*) In addition, Plaintiffs counter Dow's argument that they failed to plead sufficient facts by attaching a Proposed Amended Complaint containing additional factual allegations concerning Lowe's conduct. (*Id*. at 1; *see* ECF No. 48-1.) As discussed above, while procedurally improper, the allegations in the Proposed Amended Complaint inform the Court's analysis today.

### III. ANALYSIS

**A.     Strong Presumption Against Removal to Federal Court**

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). Federal district courts have jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter" and must prove jurisdiction by a preponderance of the evidence. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). When a case is originally filed in state court, there is a "strong presumption" against removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Dow removed the above-captioned action to this Court solely on the basis of diversity jurisdiction. (ECF No. 1.) Dow acknowledges that Plaintiffs and Lowe are citizens of Colorado. (*Id. ¶¶* 4, 8.) Thus, on the face of the Complaint, there is not

complete diversity between the parties. Dow alleges, however, that Plaintiffs fraudulently joined Lowe solely to defeat diversity and, therefore, the Court should disregard Lowe's presence in considering jurisdiction. (*Id.* ¶ 8.) Accordingly, the Court must determine whether Lowe was fraudulently joined.

**B.      Fraudulent Joinder**

Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Fraudulent joinder presupposes that the plaintiff in state court named a nondiverse defendant, against whom the plaintiff has no real claim, solely to prevent removal. *Id.* at 881–82. In such a circumstance, a diverse defendant may remove despite the lack of complete diversity and the federal court may keep the case (essentially by severing the nondiverse defendant) if the diverse defendant satisfies the "heavy burden" of demonstrating "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation marks omitted).

The party asserting fraudulent joinder must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000). "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines*, 758 F. Supp. at 1404; *see also Hale*, 93 F. Supp. 2d at 1113 ("While an allegation of fraudulent

6

joinder permits the Court to pierce the pleadings, it is not proper for the Court to pre-try issues of liability on a motion for remand."). Moreover, the Court "must view the facts in the light most favorable to the non-removing party and resolve all disputed questions of fact and uncertain legal issues in its favor." *Estate of Hill v. Allstate Ins. Co.*, 354 F. Supp. 2d 1192, 1196 (D. Colo. 2004) (citing *Frontier Airlines*, 758 F. Supp. at 1405).

Dow contends that there is no possibility that Plaintiffs will be able to establish a cause of action against Lowe in this case. (ECF Nos. 1 ¶¶ 21–32 & 37 at 8–15.) The Court finds, however, that Dow has failed to make such a showing. In particular, the Court finds that Dow has failed to demonstrate that there is no possibility that Plaintiffs would be able to establish their negligence claim against Lowe. Since Dow has failed to make this showing, the Court need not address Dow's other arguments.

Dow alleges that Plaintiffs did not establish a plausible cause of action against Lowe because Plaintiffs merely assert conclusory allegations against Lowe, and did not claim that she engaged in any actionable conduct.[2] (ECF No. 37 at 5–8.) Dow argues that Plaintiffs failed to establish their negligence claim because they did not allege in their Complaint that Lowe "created a 'special relationship' with Plaintiffs sufficient to create a personal duty to them, or that she personally did or said anything to contribute to the alleged injuries." (ECF Nos. 1 ¶ 32 & 37 at 9–10.) Moreover, Dow asserts that Plaintiffs' negligence claim "cannot succeed because the Complaint is devoid of any

---

[2] In their Reply, Plaintiffs contend that the Court should only consider the arguments Dow initially raised in its Motion to Remand and not the arguments Dow raised for the first time in its Response. (ECF No. 48 at 1–2.) The Court, however, need not decide whether Dow can rely only on the arguments contained in its Motion to Remand since it is clear that Dow did not carry, in either document, its heavy burden to demonstrate that Plaintiffs failed to establish a viable cause of action against Lowe.

7

factual allegations indicating Lowe failed to exercise reasonable care." (ECF No. 37 at 11–12.) Finally, Dow claims that the negligence claim "fail[s] because Plaintiffs fail to plead any facts indicating Lowe caused their alleged harm." (*Id*. at 12–13.)

Plaintiffs respond to Dow's arguments by asserting previously unraised allegations in their Proposed Amended Complaint. For example, the Proposed Amended Complaint contains the following assertions: (1) Lowe sold the defective seeds to retailers, who in turn sold the seeds to Plaintiffs (ECF No. 48-1 ¶ 15); (2) after Lowe was or should have been aware of the risks associated with the seeds (since they were originally deemed unsalable by Dow), she contacted several of the Plaintiffs to tell them the seeds were available for sale (*Id*. ¶¶ 19, 27, 37); (3) before Plaintiffs had purchased the seeds but after Lowe knew or should have known that the seeds contained an unreasonable risk of harm, Lowe continued to tout the above-average yield of the seeds to Plaintiffs (*Id*. ¶ 21); (4) Lowe knew of potential measures to reduce costs and mitigate the damage of the defect while the crop was still growing, but did not inform Plaintiffs (*Id.* ¶¶ 26, 38); (5) Lowe had served as Plaintiffs' primary contact to Mycogen for approximately five years and had years-long business relationships with several of the Plaintiffs (*Id*. ¶¶ 14, 18, 27); and (6) Lowe had formed a special relationship with Plaintiff Douglas Uhland sufficient to create a personal duty to him (*Id*. ¶ 42; *see* ECF No. 48 at 6–7).

In sum, Plaintiffs' Proposed Amended Complaint sufficiently alleges that Lowe personally contributed to Plaintiffs' injuries, that she had a special relationship with one of the Plaintiffs, that she failed to exercise reasonable care, and that she was a cause of their alleged harm. Apart from these arguments, Dow provides the Court with no other

8

reason to find that there is no possibility that Plaintiffs would be able to state a negligence claim against Lowe. Accordingly, Dow has failed to carry the "heavy burden" of demonstrating Plaintiffs' inability to establish a cause of action against Lowe.

Moreover, the Court finds that there is at least a possibility that the state court will find that Plaintiffs stated a viable negligence claim against Lowe. To establish such a claim, Plaintiffs "must show: (1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) that the breach of the duty caused the harm resulting in damages to the plaintiff." *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).

In support of their argument that "Lowe had a duty to not distribute defective seed," Plaintiffs note that "seed distributors . . . owe a duty to exercise reasonable care to avoid foreseeable harm to users." (ECF No. 48 at 5 (citing *Webb v. Dessert Seed Co.*, 718 P.2d 1057, 1062 (Colo. 1986).) While it is unclear whether Lowe can be considered to be a "seed distributor," the Court has not located any authority holding to the contrary, nor have Defendants cited any, and the Court must resolve all uncertain legal issues in favor of Plaintiffs. *See Estate of Hill*, 354 F. Supp. 2d at 1196. In addition, there is a possibility that the state court could find that Lowe breached that duty when she distributed the defective seeds to seed dealers after she knew that the seeds were initially deemed unsalable by Dow, and that this breach resulted in damages to Plaintiffs. Thus, the Court cannot say that there is no possibility that Plaintiffs would be able to state a claim against Lowe. Accordingly, Dow has failed to show that Lowe was fraudulently joined as a defendant. *Montano*, 2000 WL 525592 at *1.

Because Lowe was not fraudulently joined, there is not complete diversity

between the parties. As such, this Court did not have original jurisdiction over this matter at the time it was filed, *see* 28 U.S.C. § 1332(a), and removal to this Court was not proper. *See id*. § 1441(a) (removal is proper where federal court had original jurisdiction over a case). Thus, remand of this case is appropriate. *See Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000). Accordingly, Plaintiffs' Motion to Remand (ECF No. 33) is granted. Because the Court remands the action, it need not rule on other pending motions, which can be addressed by the state court. Therefore, Dow's Motion to Dismiss (ECF No. 15) is denied without prejudice, and Plaintiffs' Motion for Substituted Service (ECF No. 34) is denied as moot.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion to Remand (ECF No. 33) is GRANTED;

2. Dow's Motion to Dismiss (ECF No. 15) is DENIED WITHOUT PREJUDICE;

3. Plaintiffs' Motion for Substituted Service (ECF No. 34) is DENIED AS MOOT; and

4. The Clerk shall REMAND this case to the Prowers County District Court, and shall TERMINATE this action. The parties shall bear their own fees and costs.

Dated this 31st day of January, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge